FILED

2006 Aug-03  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH RICH, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-06-CO-00164-S |
| | ] | |
| JEFFERSON COUNTY; et al., | ] | |
| | ] | |
| Defendants. | ] | |
| | ] | |

MEMORANDUM OF OPINION

I.      Introduction.

The Court currently has for consideration motions to dismiss filed by
Jefferson County, Alabama ("Jefferson County") (Doc. 5) and Jefferson
County's Sheriff's Office ("JSCO") (Doc. 9).  Plaintiff has sued Defendants
for violations of 42 U.S.C § 1981, Title VII, the Age Discrimination in
Employment Act, 42 U.S.C. § 1983, and the Fourteenth Amendment.  (Doc.
1.)  On June 9 and June 20, 2006, this Court ordered the pro se plaintiff,
Kenneth Rich, to show cause why these two defendants' motions to dismiss
should not be granted.  (Docs. 8 & 10.)  The deadlines for a response or

objection passed, and Mr. Rich did not file any opposition.  On July 11, 2006, this Court gave Plaintiff notice that it was converting Jefferson County's 12(b)(6) motion to a motion for summary judgment under Fed. R. Civ. P. 56. (Doc. 11.)  The Court informed Mr. Rich that he had fourteen (14) days to produce for the Court affidavits and/or other evidence that challenged the evidence proffered by Jefferson County in support of dismissal.  Again, Plaintiff failed to respond.  Upon review of the defendants' legal arguments in support of their motions, it is the opinion of this Court that JSCO's motion to dismiss and Jefferson County's motion for summary judgment should be granted.

II.    JSCO's Motion to Dismiss.

A.    Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990).  "When considering a motion to dismiss, all facts set forth in the

plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  Further, a court must be particularly liberal in interpreting the "inartful pleading" of a pro se plaintiff.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

B.     Analysis.

JSCO contends that under Alabama law, it is not a legal entity subject to suit.  (Doc. 9 ¶ 2.)  The Court agrees.  According to Fed. R. Civ. P. 17(b), the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  *See also Dean v. Barber*, 951 F.2d 1210,1214 (11th Cir. 1992).  "Under Alabama law, a county sheriff's department lacks the capacity to be sued."  *Id*. at 1215 (citing *White v.*

*Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991); *see also King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding a city police department that was not a legal entity under state law could not be sued under Title VII).  Therefore, Plaintiff's claims against JSCO will be dismissed.

III.    Jefferson County's Motion for Summary Judgment.

A.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support

of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

   B.    Analysis.

Jefferson County argues that it is entitled to be dismissed from this cause because Plaintiff is not an employee of Jefferson County, and because the Jefferson County Commission ("Commission") has no control or authority

over JSCO.  (Doc. 5.)  In support of this contention, Jefferson County attaches the affidavit of Larry P. Langford, the President of the Commission, which adds that the Jefferson County Commission does not any authority to control or direct the activities of the Jefferson County Sheriff or his deputies.  (Doc. 5 at Ex. A.)  Plaintiff has not adduced any evidence in opposition to Jefferson County's motion.

In order to prevail on his claims against Jefferson County under 42 U.S.C § 1981, Title VII, and the Age Discrimination in Employment Act, Plaintiff must establish the existence of an employer-employee relationship. Because no such relationship existed, these claims are due to be dismissed.

Further, in order to succeed on his Fourteenth Amendment claim against Jefferson County,[1] Plaintiff must establish that Jefferson County acted through Sheriff Hale and/or other agents and representatives of the JSCO.  (Doc. 1 at ¶¶ 69-71.)  Mr. Rich has not submitted any evidence showing that such a relationship existed; therefore, this claim is also due to be dismissed.

---

[1]Plaintiff's claim under 42 U.S.C. § 1981 only names defendant Sheriff Mike Hale in his individual capacity.  (Doc. 1 at ¶¶ 72-75.)

IV.    Conclusion.

For the reasons set forth above, JSCO's motion to dismiss and Jefferson County's motion for summary judgment will be granted.    A separate order in conformity with this opinion will be entered.

Done this <u>3rd</u> day of <u>August 2006</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297